IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRANDON JACKSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) CIVIL ACTION NO.: |
| PARKS WOOD LLC, CYNTHIA | ) _____ |
| PARKS and THEODORE WOOD, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## COMPLAINT

PLAINTIFF BRANDON JACKSON ("Plaintiff") hereby files this Complaint against DEFENDANTS PARKS WOOD LLC, CYNTHIA PARKS and THEODORE WOOD ("Defendants") and for this cause of action states the following:

### NATURE OF THE CLAIM

1. Plaintiff brings this action to redress Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") and the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA").

2. This action seeks damages for Defendants' retaliatory actions and for unpaid overtime compensation, liquidated damages, expenses of litigation,

reasonable attorneys' fees, and other relief under the FLSA, on the grounds set forth below.

## JURISDICTION AND VENUE

3. This Court has subject-matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because this action arises under the laws of the United States. Subject-matter jurisdiction is also conferred upon this Court by 28 U.S.C. § 1337 because this action arises under Acts of Congress regulating commerce. Additionally, Defendants are subject to service in this judicial district; thus, this Court has personal jurisdiction.

4. Under 28 U.S.C. § 1391(b), venue is appropriate in this district because a substantial part of the events or omissions giving rise to the claims at issue occurred in this judicial district.

## THE PARTIES

5. Plaintiff Jackson is a resident of Georgia and was employed by Defendants at Defendants' law office located in Atlanta, Georgia from January 2013 until the termination of his employment on May 15, 2015.

6. Upon information and belief, at all relevant times, Defendant Parks was a resident of the state of Georgia.

7. Upon information and belief, at all relevant times, Defendant Wood was a resident of the state of Virginia. As a partner with Defendant Parks Wood, Defendant Wood managed and worked in the firm's Georgia and Washington DC offices.

8. At all times relevant to this action, Defendant Parks Wood is and has been a law office owned and operated by Defendants Parks and Wood. It is organized under the laws of the State of Georgia and its principal place of business is located in this judicial district in Atlanta, Georgia.

9. At all times relevant to this action, Defendant Parks Wood was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, because it had employees engaged in commerce and because its annual gross sales volume exceeds $500,000.

10. At all times relevant to this action, Defendants were Plaintiff's employer.

11. At all times relevant to this action, Defendants Parks and Wood were involved in the day-to-day operations and had substantial operational control over Defendant Parks Wood.

12. At all times relevant to this action, Defendants Parks and Wood acted in the interest of an employer toward Plaintiff.

13. Specifically, Defendants Parks and Wood exercised responsibility and control over Plaintiff's compensation and terms of employment. They made the decision to hire and to fire Plaintiff, set Plaintiff's work hours, controlled the work that Plaintiff performed, and decided on Plaintiff's rate of pay and increases thereto, as well as promotions and discipline.

14. Defendants Parks and Wood also exercised discretion with respect to Plaintiff's compensation and terms of employment.

15. Upon information and belief, Defendants Parks and Wood had discretion and control over Defendant Parks Wood's 401(k) plan in which Plaintiff and other employees participated.

16. Therefore, Defendants Parks and Wood may be held liable in their individual capacities for the violations discussed herein.

17. Plaintiff was an "employee" of Defendants within the meaning of 29 U.S.C. § 203(e) within the three years preceding the filing of this Complaint.

18. Defendants employed Plaintiff as a docketing specialist at their law office in Atlanta, Georgia.

19. Plaintiff was a non-exempt employee within the meaning of the FLSA throughout his employment with Defendants and was subject to the overtime provisions of the FLSA.

20. At all relevant times, as an employee benefit, Plaintiff participated in Defendants' 401(k) profit sharing pension benefit plan (the "401(k) plan").

21. Defendant Parks is the trustee of the 401k plan.

## FACTUAL ALLEGATIONS

22. Throughout his employment, Plaintiff regularly worked hours in excess of 40 hours per workweek for which Defendants failed to compensate him properly. Plaintiff's supervisors were aware of the hours Plaintiff worked for which he was not properly compensated.

23. For example, Defendants routinely required Plaintiff to review incoming emails and docketing requests on his mobile device after he had clocked out. Defendants also often required Plaintiff to take action in response to these emails and docketing requests after he had clocked out, including, among other things, sending emails and docketing information.

24. Defendants knew that Plaintiff was performing this work for up to one hour per week because Defendant Parks Wood's attorneys and other employees often received emails from Plaintiff in the evenings and at other times when he was not clocked in.

25. Defendants further knew that Plaintiff was performing this work because, early in Plaintiff's employment, Plaintiff had a conversation with

Adrienne Mittons and Maggie McCarty, two of Defendants' employees, about Plaintiff's access to work email on his mobile device. During that conversation, Ms. McCarty expressed concern that Mr. Jackson's access to work email on his mobile device while off the clock might expose the firm to FLSA liability if Plaintiff is not compensated for his work. Ms. McCarty suggested that the firm remove access to work email from Plaintiff's mobile device and Ms. Mittons dismissed Ms. McCarty's concern, leaving Plaintiff with access to his work email on his mobile device.

26. As a result of these actions, Defendants failed to credit and pay Plaintiff properly for all overtime hours he worked – *i.e.*, all hours worked over 40 within each workweek – in violation of the FLSA.

27. Defendants have willfully and intentionally failed and/or refused to compensate Plaintiff in accordance with the FLSA.

28. In early April and early May 2015, Plaintiff discussed with Defendant Parks and other employees at Defendant Parks Wood the fact that Defendants were deducting certain benefits, including 401(k) contributions, from his wages, but that Defendants were not providing the compensation to the 401(k) plan provider. Plaintiff also complained to Defendants that he was not receiving the employer match to his 401(k) that Defendants had agreed to pay him.

29. Defendants promised to investigate the matter, but never did so.

30. On May 11, 2015, Plaintiff contacted the Georgia Department of Labor to complain about the 401(k) and wage issues.

31. Upon information and belief, later on May 11, 2015, a representative from the Georgia Department of Labor called Defendants and questioned Defendants about these issues.

32. On May 15, 2015, Defendants terminated Plaintiff's employment. In terminating Plaintiff's employment, Defendant Wood traveled from Washington DC to Georgia to inform Plaintiff of the termination.

33. To the extent he was required to do so, Plaintiff has attempted to exhaust his administrative remedies through his written protestations to Defendants concerning his termination. Defendants have rejected Plaintiff's attempts and additional attempts by Plaintiff would be futile.

34. Plaintiff has retained The Weiner Law Firm LLC to represent him in this action and accordingly has incurred and will continue to incur attorneys' fees and costs, which are a proper portion of the relief sought in this action.

35. Plaintiff has consented to participate in this action. [Ex. 1.]

## COUNT 1

### (Overtime Compensation Due Under 29 U.S.C. § 207)

36. Plaintiff re-alleges paragraphs 1-35 above and incorporates them here by reference.

37. By engaging in the conduct described above, Defendants failed to pay Plaintiff at a rate of pay not less than one and one half times his regular rate for all work performed in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207.

38. Defendants' actions in failing to compensate Plaintiff in accordance with the FLSA were willful, within the meaning of 29 U.S.C. § 255(a), and committed with a conscious disregard for the rights of Plaintiff.

39. As a result of Defendants' violation of the FLSA, Plaintiff is entitled to recover his unpaid overtime compensation and an equal amount as liquidated damages, as well as prejudgment interest, reasonable attorneys' fees, and costs of suit, pursuant to 29 U.S.C. § 216(b), all in amounts to be determined at trial.

## COUNT 2

### (Retaliation Under 29 U.S.C. § 1140)

40. Plaintiff re-alleges paragraphs 1-35 above and incorporates them here by reference.

41. This claim arises from Defendants' unlawful retaliation against Plaintiff in violation of 29 U.S.C. § 1140.

42. At all relevant times, Plaintiff was qualified for his position.

43. At all relevant times, Plaintiff participated in Defendants' 401(k) plan as a benefit of his employment and was entitled to ERISA's protection.

44. In April and May 2015, Plaintiff engaged in a protected activity when he made complaints concerning his 401(k) compensation to Defendants and to the Department of Labor.

45. On May 15, 2015, Defendants retaliated against Plaintiff in violation of 29 U.S.C. § 1140 when they terminated his employment in response to his attempt to give information to the Department of Labor concerning his 401(k) compensation.

46. Plaintiff has been damaged by Defendants' retaliatory actions and is entitled to equitable damages pursuant to 29 U.S.C. § 1132, including plan benefits and front and back pay, prejudgment interest, costs of suit, including expenses incurred herein, and reasonable attorneys' fees.

## COUNT 3

### (Retaliation Under 29 U.S.C. § 215)

47. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 1-35 above.

48. This claim arises from Defendants' unlawful and willful retaliation against Plaintiff in violation of the FLSA.

49. Plaintiff engaged in protected activity pursuant to 29 U.S.C. § 215(a)(3) when he complained, on multiple occasions, about Defendants' violations of the FLSA.

50. Defendants retaliated against Plaintiff for his complaints by terminating his employment on May 15, 2015.

51. As a direct result of Defendants' retaliatory actions, Plaintiff suffered mental anguish, emotional distress, humiliation, and loss of pay and benefits.

52. Plaintiff is entitled to back and front pay, liquidated damages, compensatory damages including mental anguish, emotional distress, attorneys' fees, costs of suit, and all other damages available at law or in equity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court award him:

    i.    a judgment against Defendants;

ii. damages in the amount of his unpaid overtime wages and an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

iii. back and front pay and an equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b);

iv. equitable damages pursuant to 29 U.S.C. § 1132;

v. prejudgment interest;

vi. costs of suit, including expenses incurred herein;

vii. reasonable attorneys' fees; and

viii. such other and further relief as this Court may deem just and proper.

### **DEMAND FOR JURY TRIAL**

**Plaintiff hereby demands a jury trial on all claims for which he has a right to a jury.**

DATED: August 3, 2015

By: /s/ Andrew L. Weiner
Andrew L. Weiner
Georgia Bar No. 808278
Jeffrey B. Sand
Georgia Bar No. 181568
THE WEINER LAW FIRM LLC
3525 Piedmont Road

                                        7 Piedmont Center, 3rd Floor
                                      Atlanta, Georgia 30305
                                      (404) 205-5029 (Tel.)
                                      (404) 254-0842 (Tel.)
                                      (866) 800-1482 (Fax)
                                      aw@atlantaemployeelawyer.com
                                      js@atlantaemployeelawyer.com

                                      COUNSEL FOR PLAINTIFF